357 P.2d 493

Ray Keith SUDBURY and Ruth Jean Sudbury, Plaintiffs and Appellants,

v.

Olaf Theodore STEVENSEN, Jr. and Barbara Ann Stevensen, Defendants and Respondents.

No. 9220.

Supreme Court of Utah.

Dec. 15, 1960.

A. Reed Reynolds, of Bridwell, Reynolds & Cuthbert, Salt Lake City, for appellants.

Glenn C. Hanni, of McBroom & Hanni, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal by Ray Keith and Ruth Jean Sudbury, plaintiffs below and appellants herein, from a summary judgment in favor of the Stevensens in appellants' action which sought the enforcement of a forfeiture clause in an agreement entered into by the parties to this suit. By this action appellants sought to obtain the entire ownership in a business in which they had sold their half interest to respondents.

From the pleadings, record and deposition it appears that appellants and respondents had been partners in a business; that

in June, 1958, they entered into an agreement whereby appellants sold their partnership interest and transferred their title in their undivided one-half interest in the personal property to respondents. This agreement provided that the balance of the purchase price due appellants should be paid by respondents at the rate of $100.00 per week, the payments to commence at a certain time, and that respondents were to be "accorded a cumulative fifteen (15) week grace period . . . meaning thereby that this agreement shall not be in default until and unless Buyers have missed a total of fifteen (15) weekly payments throughout the term of this agreement." Respondents took the entire grace period before commencing their installment payments. As security for the payments the agreement provided that respondents should execute a chattel mortgage. No such instrument was executed. The agreement also contained the following provisions:

*"Default:*

## VI.

That it is agreed that in the event of Buyers' failure to pay to Sellers the sums due them under the terms of this agreement that Sellers may, at their option, elect to proceed in either one or the other of the following designated manners:

"A. *Mortgage Foreclosure:* Sellers may, at their option, declare the whole of the unpaid balance under the terms of this agreement at once due and payable and proceed to collect same and foreclose their security herein given, it being understood and agreed in such event, however, that Sellers shall have no rights against Buyers beyond Buyers' assets that may be represented by the furniture, fixtures, tenants' improvements, and leases upon the premises herein referred to, and it is agreed that in the event of election to foreclose as in this paragraph stated, Sellers may sell any of said property at public or private sale and retain the full proceeds thereof as their own in discharge of any remaining obligation of Buyers to Sellers.

"B. *Forfeiture:* Sellers, alternative to foreclosure as above specified, may take all of Buyers' right, title and interest in and to said business contemplated by the terms of this agreement to the full exclusion of all right, title and interest of Buyers in and to any of said property and the business represented thereby in full discharge of any remaining obligations, and in such event Sellers may hold same as their own and operate said business in the manner that they deem desireable * *

"That as an express and integral part of the consideration of the terms of this agreement, and in consideration of Sellers' consenting that Buyers' as-

sets shall not be amenable to process by Sellers in the event of default by Buyers that Buyers hereby covenant and agree that in the event of default and an election by Sellers to proceed under the terms of the foregoing forfeiture provision that Buyers will never raise nor assert as a defense to any such action defense of forfeiture, * * *."

Respondents made all of their installment payments up until August, 1959, when in contemplation of a trip out of the state to be taken by them a number of postdated checks were given to appellant Keith Sudbury to be cashed as the installments became due. On August 10, 1959, Keith presented for payment a check for $200 representing the installments due on August 3rd and August 10th. The bank refused to honor this check. On August 17th Mr. Sudbury again presented this check and another dated August 17th, and the bank again refused to honor the checks. Mr. Sudbury then consulted his attorney who advised him that the agreement gave him two alternative remedies, one foreclosure and the other forfeiture. Mr. Sudbury then caused to be delivered the following letter, dated August 17, 1959, to Mr. Ted Stevensen, one of the respondents herein:

"Dear Ted:

"Because of First Security Bank's failure to honor your checks to me, dated August 10th and 17th, I am electing to accelerate the money you owe me under our agreement.

"There is due me the sum of $23,-506.51, which I will expect paid to me within a short time after your return from Europe so that it will not be necessary for me to foreclose your equipment or take over the business.

"I am enclosing both of these dishonored checks to you and I will accept no further sums less than the full amount due me. For that reason, I am also enclosing checks dated August 24, August 31, September 7, September 14, and September 21, each in the sum of $100.00.

"Sincerely,
"(signed) R. Keith Sudbury
"R. Keith Sudbury"

Immediately upon receipt of this letter Mr. Stevensen returned and on September 1, 1959, made a tender of all the installments due up to that day. Mr. Sudbury refused this tender, returning the check with a letter from his attorney stating that respondents were electing under the terms of the agreement to declare a forfeiture for their default. Thereafter this suit was commenced to enforce the forfeiture provision of the agreement.

The court found that the agreement involved herein is in effect a chattel mortgage and that appellants had not exercised their option to accelerate the payments be-

fore respondents tendered the amounts due, and therefore granted the summary judgment.

It is appellants' contention that the court erred in granting the summary judgment because it entirely ignored the forfeiture provision of the contract. Assuming without deciding that the contract gave two types of security for the payments due on the sale of the partnership interests, one a chattel mortgage and the other the right to declare a forfeiture upon default, nevertheless the court did not err in granting a summary judgment.

By the express terms of the agreement appellants were required to make an election as to which remedy they were to pursue in the event of a failure by respondents to make payments when due. In the letter dated August 17, 1959, there was an indication that either one of the remedies might be pursued and that appellant Keith Sudbury was electing to accelerate the payments and demanding that the entire balance due be paid. Only the provision dealing with the remedy of mortgage foreclosure gives respondents the right to accelerate the payment of the unpaid balance. The forfeiture provision contains no such right.

Before this suit was commenced or any election made by appellants to proceed under the forfeiture provision in the contract, the respondents tendered to them the amounts currently due under the contract. This appellants refused to accept. A further tender was made in open court of all the sums due at the date of trial. The record shows that there was no clear intention conveyed to respondents by appellants that they were going to pursue the forfeiture remedy provided until after respondents had made their tender. By the terms of the agreement the right to the forfeiture remedy did not spring into existence merely upon nonpayment of an installment due, but was a right of which appellants could avail themselves upon making an election as to what remedy, if any, they wished to pursue to protect their security for the payments due under the contract. When respondents made a tender of the amounts currently due under the contract before such an election was made by appellants it had the effect of extinguishing the right to pursue such a remedy. As stated in 52 Am.Jur., page 240, Sec. 35:

"* * * A bona fide, legally sufficient tender by a debtor, even though refused by the creditor, does not operate to discharge or extinguish the principal debt or obligation; it is operative, however, as a discharge or extinguishment of those things which are accessorial and incidental to the principal obligation, * * * and ordinarily discharges from further operation any collateral undertakings that may have been given for the better security of the creditor. * * *"

There can be no doubt that the right to forfeiture in the agreement was given for the better security of the creditor, and from the pleadings and record it appears that appellants cannot prevail in their action. The court did not err in granting a summary judgment against them.

Affirmed. Costs to respondents.

CROCKETT, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.